IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIANNE R. YOUNG | § | |
| | § | No. 50, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9904019648 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 26, 2018
Decided: May 23, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**ORDER**

(1)  In March 2001, the appellant, Adrianne R. Young, pleaded guilty but mentally ill to Murder in the First Degree and Possession of a Firearm During the Commission of a Felony.  On June 25, 2001, the Superior Court sentenced Young to life in prison without parole for the murder conviction, and to ten years of incarceration for the weapon offense.

(2)  This appeal is from the Superior Court's summary dismissal of Young's seventh motion for postconviction relief under Superior Court Criminal Rule 61. The State has filed a motion to affirm the Superior Court's judgment.  Having reviewed the record and determined, as did the Superior Court, that Young's

postconviction motion was subject to summary dismissal under Rule 61(d)(2), we will grant the motion to affirm.

(3)     In our review of the record we noted that Young has raised—and repeated—the same claims, or combination of claims, challenging the effectiveness of her defense counsel, the validity of her guilty plea, the mandatory life sentence imposed upon her, and even her true age and identity at the time of the murder. Young raised these claims in whole or in part not only in her successive motions for postconviction relief, but in a series of motions seeking a modification of sentence under Superior Court Criminal Rule 35, in a petition for a writ of habeas corpus, and in other letters and documents that were considered by the Superior Court and denied.

(4)     In 2014, the Superior Court appointed counsel to represent Young in connection with her fourth pro se motion for postconviction relief filed in 2013. Also, during the course of those proceedings, the Superior Court asked postconviction counsel to investigate Young's 2014 factual assertions disputing her identity and age at the time of the murder. Postconviction counsel retained a private investigator to look into Young's factual assertions.

(5)     After thoroughly reviewing the record, postconviction counsel filed a motion to withdraw based upon a lack of meritorious grounds in the record. In an eighteen-page order dated November 12, 2014, the Superior Court granted the

motion to withdraw and, after a de novo review of the record, denied Young's fourth pro se motion for postconviction relief. In an order dated March 6, 2015, after considering the private investigator's twenty-page report, which the Superior Court found was a "full thorough and independent professional investigation" of Young's factual assertions as to her true age and identity at the time of the murder, the court concluded that Young's assertions were unfounded.

(6) In short, the record fairly reflects that when denying the myriad of motions, petition, letters, and documents submitted by Young over the years, the Superior Court issued its decisions after carefully considering Young's claims and determining that the claims were without merit, procedurally barred, or both. And, in the two instances when Young filed a timely appeal from those decisions, we affirmed the Superior Court's judgment.[1]

(7) Going forward, we will not continue to invest scarce judicial resources reviewing Young's repetitive and frivolous claims. In the future, any request by Young to proceed in forma pauperis in any matter before us concerning her 2001 convictions and sentence must be accompanied by an affidavit containing the certifications required by title 10, § 8803(e).[2]

---

[1] *See Young v. State*, 2004 WL 1195444 (Del. May 24, 2004) (affirming denial of first postconviction motion); *Young v. State*, 2015 WL 5032018 (Del. Aug. 25, 2015) (affirming denial of fourth postconviction motion).

[2] Under 10 *Del. C.* § 8803(e), a litigant must certify by affidavit that (1) the claims sought to be litigated never have been raised or disposed of before in any court; (2) the facts alleged are true and correct; (3) the affiant has made a diligent and good faith effort to determine what relevant

3

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. Any future application by Young to proceed in forma pauperis in a matter before this Court concerning her 2001 convictions and sentence must be accompanied by an affidavit containing the certifications required by title 10, § 8803(e).[3]

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

case law controls the legal issues raised; (4) the affiant has no reason to believe the claims are foreclosed by controlled law; and (5) the affiant understands that the certifications are made under penalty of perjury.

[3] *Id.*